[S. F. No. 7660.   In Bank.—February 24, 1919.]

GEORGE NOROIAN et al., Respondents, v. F. A. BENNETT et al., Appellants.

PLEADING—ACTION TO CANCEL NOTES—PARTIES—JOINDER.—The several makers of their respective promissory notes cannot join in one action to cancel the notes on the ground that they were procured by fraud, so as to avoid a multiplicity of suits, notwithstanding their several causes of action are against the same defendant, where the promises which induced the execution of the notes were made to each maker and at a different time, and the proof of each promise must of necessity be distinct, independent, and not determinative of any other.

ID.—PARTIES HAVING SEPARATE CAUSES OF ACTION AGAINST SAME DEFENDANT — JOINDER.—Parties having separate causes of action against the same person, all claiming under the same rules of law, do not have a common interest which justifies the joinder of all in one action to obtain the separate relief to which they may be entitled.

APPEAL from a judgment of the Superior Court of Fresno County.   George E. Church, Judge.   Reversed.

The facts are stated in the opinion of the court.

Byron F. Stone, Jr., and Harrison & Harrison, for Appellants.

Ohannesian & Ohannesian  and  C. K. Bonestell, for Respondents.

SHAW, J.—The defendants appeal from the judgment.

The sole question presented for our consideration is whether or not the complaint states facts sufficient to constitute a cause of action in favor of the plaintiffs against the defendants.

The facts alleged may be briefly stated. The plaintiffs were engaged in farming in the vicinity of Reedley, each conducting a separate farm on his own account. Each had been accustomed to purchase the supplies necessary for his farming operations from merchants in Reedley, and the business of each required that he should obtain these supplies on credit until he should realize money from his crops with which to pay for them. A corporation known as the California Rochdale Company, being about to purchase the business of the persons from whom plaintiffs had theretofore purchased their supplies on credit, at different times solicited the trade of each of the plaintiffs, represented to each of them that it was about to purchase the business of said other persons and intended to establish a large general merchandise store in Reedley, and "promised to each of the plaintiffs that if he would become a stockholder to the extent of one share in said Rochdale Company and would execute a promissory note in the sum of $90, payable to said Rochdale Company, and would transfer his purchasing to said Rochdale Company, he would get at least as much and as long credit as he had been receiving theretofore from any person from whom he had been purchasing his supplies." Relying upon these representations, and in consideration of the said promise made to each of them by said company that it would extend credit as aforesaid to each of them, each of the plaintiffs, respectively, in the months of March and April, 1913, executed to the company a promissory note for $90. The shares of stock in said company were not, and never have been, of any value whatever "to any of the parties to this action." All of these notes were executed in the county of Fresno. Some of them specified that they should be paid in the county of Fresno and others specified no place of payment. Each plaintiff thereupon transferred his custom to the Rochdale Company, said company gave each plaintiff credit up to and until June 1, 1913, but no longer, and thereafter refused any credit whatsoever to any of the plaintiffs and required each to pay cash for any purchase made by him. At maturity of the notes the company transferred the same to the defendants, who have begun separate actions thereon against eleven of the plaintiffs and are about to commence such actions against the other plaintiffs, respectively, in the justice's court of the city and county of San Francisco. In each action a writ of attachment was issued and

levied upon the property of the respective plaintiffs in the county of Fresno. Each of the plaintiffs resides and at all times mentioned has resided in the county of Fresno. It is alleged that "all of the plaintiffs have the same defense to said actions," but nothing further is stated on that subject. Each plaintiff is poor and the trials of the cases in San Francisco will impose great hardship and expense upon each of them. It is alleged that the merits of each of the said actions can be determined in this action and thereby avoid a multiplicity of suits.

The prayer of the complaint is that the court take jurisdiction of the cause, determine the matters alleged, and render judgment perpetually restraining defendants from further prosecuting the actions and requiring that the same be dismissed and enjoining them from beginning other actions against the plaintiffs upon the said promissory notes.

The representations and promises which constituted the inducement to the several plaintiffs to execute their respective notes were not made jointly to all of the plaintiffs. The allegation is that they were made at different times to each plaintiff. The sum and substance of the plaintiffs' reason for the joinder of all of them in this action is that each plaintiff has executed a separate note to the Rochdale Company, which was obtained by said company by means of an act of fraud, on each, consisting of a promise by the Rochdale Company to give such plaintiff credit upon his purchases of goods from said company, which promise the company had no intention of performing.

The plaintiffs base their claim that the law allows a case of this kind upon the statement of Professor Pomeroy, wherein he says that equity jurisdiction of bills of peace to prevent a multiplicity of suits "may and should be exercised, either on behalf of a numerous body of separate claimants against a single party, or on behalf of a single party against such a numerous body, although there is no 'common title,' nor 'community of right' or of 'interest in the subject matter,' among these individuals, but where there is and because there is merely a community of interest among them in the questions of law and fact involved in the general controversy, or in the kind and form of relief demanded and obtained by or against each individual member of the numerous body. . . . Courts of the highest standing and ability have repeatedly interfered

and exercised this jurisdiction, where the individual claims were not only legally separate, but were separate in time, and each arose from an entirely separate and distinct transaction, simply because there was a community of interest among all the claimants in the question at issue and in the remedy.'' (1 Pomeroy's Equity Jurisprudence, 3d ed., sec. 269, p. 445.)

These passages illustrate the difficulty of stating a legal principle in abstract terms without a concrete illustration to show their application. In speaking of "a community of interest" in the questions of law and fact involved, the author was referring to cases where a single fact was decisive of the claim of all the parties concerned, as where persons owning separate rights in the waters of a stream are injured by a diversion of the water higher up on the stream by another person, or where a single fraudulent conveyance operates to the injury of several separate judgment creditors in the collection of their judgments, in each of which cases a single fact is the sole subject of the inquiry; or cases where owners of separate tracts of land unite in an action to quiet title against another claiming under a single land grant adversely to all of them; or where residents of a city, owning vehicles therein, unite to enjoin the enforcement of an illegal ordinance imposing taxes on such vehicles, or a suit by several lot owners to enjoin an illegal assessment upon all their lots for the improvement of a street, in each of which cases the same question of law may determine the rights of all the parties.

It is clear from a consideration of the facts alleged in the complaint that the present case is not included in any of the classes to which the rule stated by Mr. Pomeroy is applicable. There is no single fact or act, the determination of which will determine the rights of all the plaintiffs. There is no community of interest between the plaintiffs in the facts which are involved in the several actions on the promissory notes mentioned in the complaint, or in the defenses to such actions. Each plaintiff has a cause of action, though imperfectly alleged, to cancel a promissory note on the ground that the same was procured by fraud. The causes of action so far are similar. But the facts in the several cases are not shown to be the same, nor capable of proof by the same evidence. The promise made without intention of performance was not a single promise made to all the plaintiffs. Separate promises were made to each of them and at different times. The proof

of each promise must of necessity be distinct, independent, and not determinative of any other. To constitute such fraud the party must have relied on the promise made to him, and must have been induced thereby to enter into the contract. Such reliance and inducement would be the subject of independent proof and contradiction as to each plaintiff. One may have been persuaded, by one statement, by a look, tone, or gesture, and another by something entirely different, and so there might be required different proof as to the means of persuasion of each of the twenty plaintiffs. The trial of the facts with respect to each note would not be an endeavor to prove a single act of the Rochdale Company as a common cause of a separate injury to each of the plaintiffs, as in the cases to which the doctrine of Mr. Pomeroy is addressed, but would be the proof of a separate injury to each plaintiff by evidence relating to him alone, and requiring a determination of the fact with respect to him alone. The trial of this joint action would require twenty different trials respecting twenty different conditions, to determine the facts upon which the rights of twenty different persons would depend, and neither trial would be a determination of the rights of any of the others. There is no case to which Mr. Pomeroy refers, nor any in the books so far as we have been advised, to justify the exercise of this jurisdiction in cases of this character. It may be that the same principles of law would govern the decision in all of the cases. This might be said of any number of cases of similar character, whether between the same persons or not. But there is no case which holds that parties having separate causes of action against the same person, all claiming under the same rules of law, have a common interest which justifies the joinder of all in one action to obtain the separate relief to which they may be entitled. We are of the opinion that the complaint did not state facts sufficient to constitute a cause of action in favor of all of the plaintiffs, but that at most it merely stated twenty separate and distinct causes of action, each in favor of a different plaintiff, and that it presents no sufficient ground for joining them all in one action.

The judgment is reversed.

Sloss, J., Wilbur, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.