In re ALCO INTERNATIONAL GROUP, INC., SECURITIES LITIGATION.

**This Document Relates to All Actions.**

**Civ. A. No. 93–577 (HBT).**

United States District Court, S.D. California.

June 28, 1994.

Joseph J. Tabacco, Jr., Alan A. Beaven, Stamell, Tabacco & Schager, San Francisco, CA, Daniel J. Mogin, Mogin & Kendrick, San Diego, CA, for plaintiffs.

Jeffrey Bradpiece, Torrance, CA, for all defendants except B. Roland Freasier.

ORDER AFTER HEARING

*RE: CLASS CERTIFICATION*

TURRENTINE, District Judge.

On May 23, 1994, Plaintiffs' Motion for Class Certification came on for hearing before this Court pursuant to the Rules of Assignment.

In April 1993, plaintiff Investment Corporation of America, Inc. and plaintiff Ronnie Marks each brought a separate action alleging that defendants violated Section 10(b) of the Securities and Exchange Act.[1] The two

---

**1.** Plaintiff Investment Corporation of America, Inc. brought an action against Alco International Group, Inc., Allen C. Stout, Virgil Williams and Melvin Lloyd Richards. Marks sued Alco Stout, Richards, B. Roland Freasier, Jr. and Dietmar Rabussay.

actions were consolidated on August 6, 1993. Plaintiffs now move to certify a plaintiff class pursuant to Rule 23 of the Federal Rules of Civil Procedure. This proposed class is to comprise all persons who purchased Alco Common Stock between June 1, 1992 and March 29, 1993, inclusive (the "Class"). Excluded from the Class are the defendants, members of the immediate families of Allen Stout, Virgil Williams, Melvin Lloyd Richards, B. Roland Freasier, Jr. and Dietmar Rabussay, any entity in which any defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded parties.

Defendants' oppose this motion on the grounds that there is no admissible evidence before this Court to establish the requisite elements of an approved class. More particularly, Defendants argue that the plaintiffs have failed to establish:

a) that every member of the alleged Class is a member of an ascertainable Class;

b) that each member is of a well defined community of interest in the questions law and fact involved;

c) that every member of the alleged Class justifiably relied upon the alleged misrepresentations; and

d) that the plaintiffs will be able to establish their allegations without the separate testimony of each Class member.

For the reasons set forth below, plaintiffs' motion is granted.

Alco International Group, Inc. is a Delaware corporation ("Alco"). It recently changed its name to InCoMed Corporation. Alco engages in (1) the transportation of cargo from Florida to the Bahamas and (2) the development, manufacturing, and marketing of medical products. The individual defendants, Stout, Williams, Richards, Freasier, Jr. and Rabussay were either officers or directors of Alco during a portion of or during the entire proposed Class period. Plaintiffs, Investment Corporation of America, Inc. and Ronnie Marks, each purchased shares of Alco Common Stock during the proposed Class period.

Plaintiffs seek damages from the defendants for artificially inflating the price of the stock during the Class period. The gravamen of the complaint is that defendants engaged in a scheme whereby they issued a series of materially false and misleading statements in violation of Rule 10b–5. Shortly after obtaining FDA approval to begin marketing the Barrier Integrity Monitor ("BIM") in April 1992, defendants released a series of announcements of BIM distribution contracts worth $8.9 million with a market potential of billions. Plaintiffs claim that these contracts were cancelled in August 1992 and that the defendants misled the investing public by deliberately not releasing corrective information until December 1992. Defendants also announced three potential takeover bids by unknown third parties between December 2, 1992 and February 1993. Plaintiffs allege that each announcement was a sham designed to inflate or prevent the stock price from plummeting. Defendants maintain that these announcements had negligible effect on the trading of the stock.

The prerequisites to class certification are set forth in Rule 23 of the Federal Rules of Civil Procedure. First, the action must meet each of the following criteria:

a) the class must be so numerous that joinder of all members is impractical;

b) there must be questions of law or fact common to the class;

c) the claims or defenses of the representative parties must be typical of the claims and defenses of the class, and

d) the representative parties must fairly and adequately protect the interests of the class.

Second, one of the three additional requirements in Rule 23(b) must be met. Plaintiffs have satisfied each of these requirements.

### 1. *Numerosity*

Defendants do not dispute that there are so many Class members that joinder is impractical. In fact, defendants acknowledge that the Class may number over 4000 members. Whether or not the Class numbers in the hundreds or in the thousands, joinder is clearly impractical where a large group of people, dispersed all across the country, are

involved. *Lubin v. Sybedon Corp.*, 688 F.Supp. 1425 (S.D.Cal.1988).

### 2. *Commonality—Common questions of law and fact*

The defendants have issued numerous press releases and public statements. The plaintiffs allege that these statements were issued as part of a common scheme to misrepresent the company's profitability and future prospects. The questions of law and fact relative to the existence and the nature of the misrepresentations and omissions are common to all Class members. Despite defendants claims to the contrary, the fact that each Class member purchased shares at different times and for different reasons does not mean that there is no commonality. *In re United Energy Corp. Solar Power Modules Tax Shelter Invest. Sec. Litig.*, 122 F.R.D. 251, 254 (C.D.Cal.1988). Classic securities fraud cases involving a class of purchasers allegedly defrauded over a period of time by similar misrepresentations satisfy the common question requirement. *Blackie v. Barrack*, 524 F.2d 891 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976); *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 914 (9th Cir. 1964).

### 3. *Adequacy*

Defendants have not challenged that plaintiffs will fairly and adequately protect the interest of the absent members or that the plaintiffs attorneys are qualified and experienced in securities litigation. Indeed, counsel here are all experienced and able specialists in securities litigation. Furthermore, the named plaintiffs' interests are not antagonistic to those of the remainder of the Class.

### 4. *Typicality*

Here, the plaintiffs are allegedly victims of a common course of conduct. Their claims arise from the same misrepresentations and omissions. Thus, the claims of the class representatives are typical of those of the class members. *Schneider v. Traweek*, [1990 Transfer Binder] Fed.Sec.L.Rep. (CCH) 95,-419 at p. 97,111–12, 1990 WL 132716 (C.D.Cal.1990). Defendants argue that there are factual differences between the claims of each class member and the claims of the class representatives. However, factual differences must be such that the interests of the class are placed in jeopardy in order to defeat certification. *Sley v. Jamaica Water & Utils., Inc.*, 77 F.R.D. 391, 394–95 (E.D.Pa. 1977). There are no facts here indicating that the defendants took any action that was unique to these plaintiffs or that there is any adversity or antagonism between the interests of the representative and the absent class members regarding the predominant questions.

### 5. *Rule 23(b)(3)*

Finally, the plaintiffs have adequately demonstrated that common questions predominate. The critical issue is of liability: did the defendants materially mislead the investing public and did the defendants have the requisite scienter. Each plaintiff is united in its desire to prove defendants' complicity.

Differences in types of reliance is present in almost every securities fraud case. Any difference in the precise factual situation of the named plaintiffs will not defeat class certification. Defendants' primary objection is that each class member has a particular investment history and must prove that it relied upon the alleged misleading information hence there is no common interest. However, the Supreme Court has recognized that the courts should apply a presumption of reliance by all investors where the stock was traded on an open and developed securities market. *Basic v. Levinson*, 485 U.S. 224, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). The fraud on the market presumption applies to stock traded over-the-counter on the NASDAQ National Market System. Defendants have presented no facts to rebut this presumption. Contrary to defendants' assertions, the mere fact it is unlikely that each particular investor relied on the alleged misleading information is irrelevant. The underlying premise behind the fraud on the market theory is that each plaintiff is damaged because the market as a whole was influenced by the information and thus the stock price rose or fell accordingly. The mere fact that one plaintiff did not rely on the misleading information does not affect his

entitlement to recovery. Defendants' reliance upon *Morris v. Buchard,* 51 F.R.D. 530 (S.D.N.Y.1971) is therefore misplaced.

Defendants argue strenuously that there is no community of interest because each class member must testify as to the existence and extent of its own damages. However, the mere fact that there may be additional issues specific to each class member does not deny a group of purchasers their right to class certification in such instances. Individual issues arise in every class suit. In particular, individual questions as to the amount of damages is not a bar to certification and defendants' reliance on *Daar v. Yellow Cab Co.,* 67 Cal.2d 695, 63 Cal.Rptr. 724, 433 P.2d 732 (1967) is erroneous. *Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972); *In re Unioil Sec. Litig.,* 107 F.R.D. 615, 622 (C.D.Cal.1985). If factual differences of this nature were a bar to class certification then class actions would be stripped of its utility.

Moreover, the Ninth Circuit recognizes the superior and significant role of class action suits play in ensuring the integrity of the market. *In re MDC Holdings Sec. Litig.,* 754 F.Supp. 785, 807 (S.D.Cal.1990); *Arthur Young & Co. v. United States Dist. Court,* 549 F.2d 686 (9th Cir.), *cert. denied,* 434 U.S. 829, 98 S.Ct. 109, 54 L.Ed.2d 88 (1977). Class treatment has proven to be the most effective and efficient way of bringing security fraud actions. The expense of bringing individual actions is prohibitive when weighed against the potential recovery. Thus, the Ninth Circuit liberally construe the Rule 23 criteria in favor of the plaintiffs. *Schneider v. Traweek,* supra, at 95,419.

Defendants urge the court to adopt state court standards. For example, defendants claim that plaintiff must prove that there is an ascertainable class and community of interest. However, the requirements under Rule 23 differ from this state law requirement. Furthermore, defendants ignore the fraud on the market presumption applicable in such cases. The principles interpreted above are the result of years of judicial review and consideration of the role of the class action mechanism in similar security fraud cases. The Ninth Circuit has repeatedly endorsed class actions for securities actions. *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 913 (9th Cir.1964). This Court has no desire to disturb current case law by adopting new standards. Accordingly,

IT IS HEREBY ORDERED.