[Civ. No. 7475.  Fourth Dist.  Oct. 29, 1965.]

STEWARD A. SMITH et al., Plaintiffs and Respondents, v. GATES RUBBER COMPANY SALES DIVISION, INC., Defendant and Appellant.

Gray, Cary, Ames & Frye and R. Reaves Elledge, Jr., for Defendant and Appellant.

Samuel L. Sosna, Jr., for Plaintiffs and Respondents.

STONE, J.*—Appellant manufacturer appeals from a judgment for damages in a breach of warranty action.

Respondents own ranch property some 65 miles east of San Diego, which they decided to develop as a guest ranch. This required development of the existing water system which they found to be badly corroded. Respondent Fadem inquired at Winn Supply Company about the possibility of substituting plastic pipe in place of metal and adding a considerable amount of pipe. Winn notified appellant Gates Rubber Company, a manufacturer of polyethylene pipe, of the inquiry, and appellant sent Nordstrum, a field representative, to discuss the matter with Fadem. During the course of the discussion Fadem, using a diagram, explained the proposed project to Nordstrum and told him the water system would be expected to operate under pressures ranging from 20 to 50 pounds. Nordstrum replied that the pipe was suitable for 50 pounds pressure, with a bursting pressure three or four times greater. Nordstrum also showed Fadem a manufacturer's chart indicating a safety factor of four to one. Respondents were given pamphlets and advertising circulars distributed by appellant, which represented that its polyethylene pipe was designed for 50 pounds working pressure with a four to one safety factor, that is, its bursting point was four times the 50 pounds work-

---

*Assigned by the Chairman of the Judicial Council.

ing pressure. Further, Nordstrum assured Fadem the pipe was rodent repellent or rodent safe.

Respondents installed polyethylene pipe manufactured by appellant but purchased from Winn Supply Company. After a period of time a considerable amount of half-inch pipe had to be replaced because of many small holes eaten in it by rodents. It was returned and the contract for its purchase rescinded. Later, numerous breaks and ruptures developed in the 2-inch line, and much of it had to be replaced.

Respondents, as plaintiffs, filed this action against both Winn Supply Company, the seller, and appellant manufacturer, alleging breach of an express warranty and of an implied warranty of fitness. At the close of plaintiffs' case, the action was dismissed as to Winn Supply Company, but respondents recovered a judgment against appellant Gates Rubber Company Sales Division, Inc.

■ Appellant's primary contention is lack of privity between it as manufacturer and respondents as consumers. Pursuing this theory, appellant argues that the contract of sale was between respondents, as purchasers, and Winn Supply Company, an independent merchant, as seller; further, that the court erred in finding Winn and its employees acted as agents of appellant manufacturer.

Appellant, through its manufacturer's advertising brochures, asserted that: "50P pipe *has the same uniform working pressures in all sizes*—50 pounds. 50P pipe has a safety factor of 4 to 1—none higher in the industry."

California Civil Code section 1732[1] reads as follows: "Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty."

■ At least since *Burr* v. *Sherwin Williams Co.*, 42 Cal.2d 682 [268 P.2d 1041], a purchaser relying on a manufacturer's representations made in labels or advertising materials, has been permitted to recover on the theory of express warranty without a showing of privity of contract. (*Seely* v. *White Motor Co.*, 63 Cal.2d 9 [45 Cal.Rptr. 17, 403 P.2d 145]; *Hayman* v. *Shoemake,* 203 Cal.App.2d 140 [21 Cal.Rptr. 519]; *Free* v. *Sluss,* 87 Cal.App.2d Supp. 933 [197 P.2d 854].)

---

[1]Civil Code section 1732, as of January 1, 1965, has been superseded by Uniform Commercial Code section 2313.

■ Respondents, according to their testimony, relied on the representations of Nordstrum and those in the manufacturer's literature that the pipe had a working pressure of 50 pounds with a safety margin up to 200 pounds. Although appellant points to some evidence tending to contradict this testimony, the trial court found in favor of respondents on this issue. On reviewing the record we must view the evidence in the light most favorable to respondents and indulge all intendments and reasonable inferences which favor sustaining the finding of the trier of fact. (*Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P.2d 557].)

Thus the finding of Winn's agency is unnecessary to sustain the judgment, and it is mere surplusage.

■ Appellant refers to doubts expressed by the trial judge in two memorandum opinions as to the sufficiency of the evidence. Once the court signs findings, however, any prior expression of opinion as to the facts of the case become immaterial, and the sole issue is whether there is substantial evidence to support the findings. The very heart of the trial judge's function is to resolve conflicts and uncertainties; it is for him to draw the line. Once he has done so, an appellate court will look at the record to determine whether there is sufficient evidence to support his final decision as expressed in the findings. (See *Strudthoff* v. *Yates,* 28 Cal.2d 602, 615-616 [170 P.2d 873].)

■ Appellant argues there is no evidence to support the finding of implied warranty as the actual purchase was from Winn Supply Company. However, since there is evidence to support the finding of express warranty, and that alone is sufficient to support the judgment for damages for breach of warranty, the finding of implied warranty is immaterial. In *Sand* v. *Concrete Service Co.,* 176 Cal.App.2d 169, the court said, at page 175 [1 Cal.Rptr. 257] : ''Where one finding which is supported by the evidence is found which is sufficient to support the judgment other findings become immaterial. (*Miller & Lux Inc.* v. *Secara,* 193 Cal. 755, 772 [227 P. 171] ; *Bohn* v. *Watson,* 130 Cal.App.2d 24, 41 [278 P.2d 454].)'' (See 3 Witkin, Cal. Procedure (1954) p. 2277, par. (g).)

In these circumstances it is unnecessary for us to decide whether the evidence supports the finding of implied warranty, and we do not decide that question.

■ There remains appellant's contention of excessive damages in that respondents never paid the original installation cost of the 2-inch pipe in the sum of $2,170.85. The plumb-

er's fee was not paid in cash as the plumber's successor in interest accepted 1 per cent interest in the ranch profits in full payment for these services. Appellant argues, in substance, that the plumber has not as yet received the money; but that is no defense. The court found the indebtedness was incurred as a result of the breach of contract, that it was reasonable, and that respondents assigned an interest in their profits to pay the indebtedness.

Appellant contends that an allowance of $2,500 for repair costs in addition to the installation costs, likewise was excessive. We are concerned only with the record, which supports the court's finding as to the reasonableness of the charge, and the law which provides for consequential damages as a direct result of a breach of warranty. Civil Code section 1789, subdivision (6), provides: "The measure of damages for breach of warranty is the loss directly and naturally resulting in the ordinary course of events from the breach of warranty." (Compare Com. Code, §§ 2714, 2715; *Seely* v. *White Motor Co., supra.*)

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.