KINGSLEY, J.
 

 Defendant’s demurrer to plaintiff’s first amended complaint was sustained without leave to amend. Plaintiff appealed “from the order of the above-entitled Court filed on May 12, 1966, sustaining without leave to amend the
 
 *804
 
 demurrer of said defendant. ’' The Notice of Ruling on Demurrer signed May 16, 1966, recites that an Order of Dismissal was signed and filed on May 12, 1966, and respondent concedes that that is a fact. We treat the notice of appeal as applying to the final judgment.
 

 Plaintiff’s first amended complaint alleged, in the first count: that defendant,
 
 [1]
 
 a corporation in California, manufactured and supplied guns and rifles, including a Winchester Model 70 Super grade Rifle for the purpose of big game hunting; that defendant distributed its products to retail stores for sale to the public; that big game hunting is a sport in which the hunter undertakes to shoot such wild animals as bear, African lions, Bengal tigers, and African rhinoceros; that plaintiff was a big game hunter, a class wherein the people undertake to shoot big game each successive year, and prior to the date of purchase of the product plaintiff had hunted and shot grizzly bear, African rhinoceros, African leopards, moose, wild goats, and other big game; that on or about November 18, 1964, plaintiff, Dr. George Thomas, purchased a “Winchester Model 70 Supergrade Rifle’’ serial No. 720066, from Paehmayr Gun Works, Inc. (not a defendant herein) for the purpose of big game hunting.
 

 Plaintiff also alleged that: he advised defendant that he wanted to travel to India on a safari in order to hunt and shoot a Bengal tiger and that he needed a gun to kill a Bengal tiger; that defendant knew that this rifle was nationally advertised by publications, radios and television as a big game rifle, suitable for killing rhinoceros, cape buffalo, lion, tiger and other big game animals commonly located in Africa and India; that defendant knew that if the product was negligently manufactured it would result in serious financial loss to purchasers traveling in foreign lands.
 

 Plaintiff alleged that the safety mechanism of the gun failed and rendered the gun incapable of being discharged; that plaintiff, on January 15, 1965, undertook economic expenses in traveling to India and hiring a safari; that on the fourth day of the safari, January 25, 1965, plaintiff found a Bengal tiger within firing range and when the gun failed to go off the tiger escaped; that during the next 11 days of the safari plaintiff was unable to find another Bengal tiger; that as a direct and proximate result of defendant’s negligence,
 
 *805
 
 the plaintiff incurred special damages for three weeks’ loss of earnings, airplane travel expenses, cost of safari and other costs in the sum of $6,000, and plaintiff suffered the loss of honor, prestige and victory involved in killing a Bengal tiger, to the damage of $10,000.
 

 In his second count plaintiff incorporated all the foregoing and alleged that defendant expressly warranted the product to be free from defects and suitable for big game hunting; that plaintiff relied on the warranty; that he notified defendant within a reasonable time after discovery of the defect; and that plaintiff’s damages were proximately caused by breach of the express warranties.
 

 In count three, plaintiff incorporated the first count and alleged that defendant knew the particular purpose for which the product was to be used; that defendant impliedly warranted the merchantable quality and fitness for its intended use; that plaintiff relied on defendant’s skill in selecting the product; that the product was not of merchantable quality or fit for its particular use; that plaintiff gave notice of the breach of warranty and that as a proximate result of the breach plaintiff suffered economic loss.
 

 Plaintiff prayed for $10,000 general damages, $6,000 special damages, costs of suit and other relief as the court deems proper.
 

 Defendant interposed both general and special demurrers. The general demurrer was sustained, without leave to amend, on the stated ground that “all damages pleaded are so speculative and unaseertainable that no Cause of Action is stated.’’ Under these circumstances, the only issue before us is whether or not it was proper to sustain the demurrer without leave to amend.
 

 Defendant, in this court, seeks to sustain the judgment, and the order underlying it, on three grounds: (a) that the damages claimed were too remote and not recoverable; (b) that, in any event, plaintiff is barred by a lack of privity; and (c) that he is barred by his failure to inspect the gun before using it.
 

 Plaintiff’s purchase was made in 1964, prior to the effective date (January 1, 1965) of the Commercial Code. We determine the issues before us under the law in force when the purchase was made; whether or not the same results would follow in case of a sale after January 1, 1965, we do not decide.
 

 Analysis of the plaintiff’s complaint discloses that it
 
 *806
 
 attempts to state causes of action on three theories: negligence (count I), express warranty (count II), and implied warranty (count III). Our determination of the appeal has not been helped by the fact that the parties have cited, without discrimination, authorities applicable to any one of these three theories, as though the law was the same as to each. This, of course, is not the fact. We conclude that, while plaintiff did not state a cause of action in negligence or for breach of an implied warranty, he has pleaded a cause of action for breach of express warranty.
 

 I
 

 In this court, defendant points out that the complaint does not allege that, after purchasing the gun and taking possession thereof, plaintiff made any attempt to inspect it or to check its operation. This point was not raised in the court below; it is susceptible of being cured by amendment; and counsel for plaintiff has assured us that, on a remand, he can and will amend to allege an inspection and test. Under these circumstances, we need not determine whether, in a case of express warranty, inspection is required or whether, even if required, it is a fact that must be pleaded specially (but cf.
 
 Porter
 
 v.
 
 Gestri
 
 (1926) 77 Cal.App. 578 [247 P. 247] ; 43 Cal.Jur.2d, Sales (1966) § 89, p. 235; 77 C.J.S. (1952) Sales, § 311, p. 1147).
 

 II
 

 It appears from the face of the complaint that there was no privity between plaintiff and defendant. The allegation is that defendant was the manufacturer of the gun, which plaintiff purchased from a dealer, not made a party to this action. While, in eases of physical injury, the privity requirement does not apply to bar actions in tort, or in the type of action considered in
 
 Vandermark
 
 v.
 
 Ford Motor Co.
 
 (1964) 61 Cal.2d 256 [37 Cal.Rptr. 896, 391 P.2d 168], it does apply in cases relying on other kinds of injury.
 
 (Seely
 
 v.
 
 White Motor Co.
 
 (1965) 63 Cal.2d 9, 15 et seq. [45 Cal.Rptr. 17, 403 P.2d 145]). As to claims for purely economic loss, the rule stated in
 
 Burr
 
 v.
 
 Sherwin Williams Co.
 
 (1954) 42 Cal.2d 682 [268 P.2d 1041], applies. It follows that the demurrer was properly sustained as to the first and third causes of action.
 

 III
 

 However, although the first and third causes of action were properly dismissed, we conclude that the second count does state a cause of action based on express warranty. Where
 
 *807
 
 there is an express warranty by the manufacturer, no privity of contract is required.
 
 (Seely
 
 v.
 
 White Motor Co., supra,
 
 63 Cal.2d 9.) A statement in a newspaper advertisement may be considered as part of the contract of sale
 
 (Lane
 
 v.
 
 C. A. Swanson & Sons
 
 (1955) 130 Cal.App.2d 210 [278 P.2d 723]), and where a purchaser of a product relies on a representation on a label or in advertising material, recovery from the manufacturer may be allowed on the theory of express warranty without a showing of privity.
 
 (Burr
 
 v.
 
 Sherwin Williams Co., supra,
 
 42 Cal.2d 682;
 
 Smith
 
 v.
 
 Gates Rubber Co.
 
 (1965) 237 Cal.App.2d 766 [47 Cal.Rptr. 307].)
 

 Defendant asserts that no cause of action is stated because damages are speculative. Civil Code section 1789, subdivision (6), which was in effect at the time of this cause of action, provides that the measure of damages for breach of warranty is the loss directly and naturally resulting in the ordinary course of events from breach of warranty.
 
 (Smith
 
 v.
 
 Gates Rubber Co., supra,
 
 237 Cal.App.2d 766.) Although there was no specific code provision providing for recovery of incidental and consequential damages, the comment on “Prior California Law” under section 2715 of the Uniform Commercial Code (not in effect at the time of this case) states that consequential damages were recoverable under the Sales Act prior to the enactment of the Uniform Commercial Code.
 
 Mack
 
 v.
 
 Hugh W. Comstock Associates, Inc.
 
 (1964) 225 Cal.App.2d 583, 587 [37 Cal.Rptr. 466], held that, “It is well settled in California that in an action for breach of warranty, consequential damages can be recovered. ’ ’
 

 It is true that damages that are remote and speculative and not in contemplation of the parties are not recoverable. However, it has been held, in contract cases, that whether or not a particular kind of damage is within the reasonable contemplation of the parties is not a question which ordinarily can be resolved on demurrer.
 
 (Weaver
 
 v.
 
 Bank of America
 
 (1963) 59 Cal.2d 428, 434 [30 Cal.Rptr. 4, 380 P.2d 644].)
 

 In the case at bench, plaintiff has pleaded that he incurred substantial expense in reliance on defendant’s warranty that the gun he purchased was suitable for big game hunting in a foreign country and that defendant knew that plaintiff intended to, and would, incur these expenses in reliance on the express warranty pleaded.
 
 For
 
 the purpose of stating a cause of action, that is sufficient to establish the fact
 
 *808
 
 that plaintiff has been damaged. This is not to hold that plaintiff is entitled to recover those items as damages if he proves the breach which he has alleged. Whether damages should be measured by that standard, or by some other, is better determined after the evidence has been received.
 

 The judgment is reversed with directions to overrule the demurrer to the second cause of action.
 

 Files, P. J., and Jefferson, J., concurred.
 

 [1]
 

 The complaint joins, as parties defendant, ten fictitious defendants. Insofar as the record discloses, only the named defendant was served or appeared. We summarize the complaint, and treat the case, as though only that defendant were referred to.