[Civ. No. 40837. Second Dist., Div. Four. July 26, 1973.]

G. W. ANTHONY et al., Plaintiffs and Appellants, v.
GENERAL MOTORS CORPORATION, Defendant and Respondent.

**COUNSEL**

Zetterberg & Zetterberg, Stephen I. Zetterberg, Charles L. Zetterberg, Mark S. Kaiserman and Dennis G. Martin for Plaintiffs and Appellants.

O'Melveny & Myers, Homer I. Mitchell, Girard E. Boudreau, Jr., Robert S. Draper and Ross L. Malone for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—The action arises out of alleged defects in 15 x 5.50 three-piece disc wheels made by Kelsey-Hayes Corporation, Inc. (hereafter Kelsey-Hayes) and sold by General Motors as optional equipment on 1960-1965 Chevrolet and General Motors Corporation three-quarter ton trucks. Plaintiffs sue on behalf of themselves and others similarly situated. Plaintiffs do not allege that they were injured personally as a result of their defective wheels, or that they have incurred any consequential damage as a result of wheel failure.

The original complaint was filed against General Motors and Kelsey-Hayes, and it was filed by plaintiffs as a class action. The complaint requested that defendants recall and pay for the replacement of the wheels. Defendants thereafter mailed a notice that they would replace the three-piece wheels on all three-quarter ton trucks with campers or special bodies with General Motors paying the cost. Plaintiffs then filed a supplemental complaint alleging that the above alleged settlement would mislead three-fourths of the truck owners into believing their wheels were safe when in fact the rest of the wheels were not safe. Demurrers were sustained with leave to amend and plaintiffs amended. The demurrer was sustained without leave to amend as to Kelsey-Hayes; the demurrer was overruled as to General Motors, and General Motors answered.

Later, the federal highway administrator notified General Motors that there was a defect in the wheels resulting in an unreasonable risk of harm. General Motors then filed suit against the Department of Transportation in the United States District Court in Delaware to invalidate the finding. The United States government sued in the United States District Court of the District of Columbia to assess a $400,000 fine against General Motors. The Delaware court refused jurisdiction and the suit in Washington for a fine is proceeding.

After substantial discovery, plaintiffs moved for a motion for summary judgment, which was denied. General Motors filed a motion that the action not be maintained as a class action. The court held that the action could not be maintained as a class action. Plaintiffs refused to amend their complaint to state individual causes of action and plaintiffs appeal from the order of dismissal.

The issue before the court is whether the court erred in finding that the action may not be maintained as a class action. Section 382 of the Code of Civil Procedure sets out the standards for maintaining a class action. That section says in part: ". . . when the question is one of a

common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

The kind of motion herein under consideration finds its origin, insofar as California is concerned, in the opinion of the Supreme Court in *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 820-821 [94 Cal.Rptr. 796, 484 P.2d 964]. In that opinion, the Supreme Court recommended, as a model, the provisions of section 1781 of Civil Code and the provisions of rule 23 of the Federal Rules of Civil Procedure.

By reference to those procedural rules, the trial court was faced, insofar as this appeal is concerned, with three issues: (1) is there an ascertainable class; (2) is there a well defined community of interest in questions of law and fact affecting the parties to be represented; and (3) is the action devoid of merit.[1]

The *Vasquez* court (at p. 809) explained the requirement of community of interest as follows: "The requirement of a community of interest does not depend upon an identical recovery, and the fact that each member of the class must prove his separate claim to a portion of any recovery by the class is only one factor to be considered in determining whether a class action is proper. The mere fact that separate transactions are involved does not of itself preclude a finding of the requisite community of interest so long as every member of the alleged class would not be required to litigate numerous and substantial questions to determine his individual right to recover subsequent to the rendering of any class judgment which determined in plaintiffs' favor whatever questions were common to the class." The court also said (at p. 815): "It may be, of course, that the trial court will determine in subsequent proceedings that some of the matters bearing on the right to recovery require separate proof by each class member. If this should occur, the applicable rule as stated in *Daar* is that the maintenance of the suit as a class action is not precluded so long as the issues which may be jointly tried, when compared to those requiring separate adjudication, justify the maintenance of the suit as a class action. If the questions which must be litigated separately are not numerous or substantial, it would be advantageous to the parties and the judicial system to allow the named plaintiffs to sue on behalf of the class."

---

[1]*Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 809 [94 Cal.Rptr. 796, 484 P.2d 964]; *Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695 [63 Cal.Rptr. 724, 433 P.2d 732].

## I

■ General Motors' first argument is that plaintiffs are not members of the class they purport to represent, and therefore they have no standing to sue on behalf of the class. General Motors argues that, since plaintiffs do not allege that they themselves sustained any personal injury or any physical property damage, they cannot represent a class of injured persons because they are not members of the class. ■ Plaintiffs may not bring a class action on behalf of a class unless they are members of the class (*Cal. Gas Retailers* v. *Regal Petroleum Corp.* (1958) 50 Cal.2d 844, 850 [330 P.2d 778]; *Greater Westchester Homeowners Assn., Inc.* v. *City of Los Angeles* (1970) 13 Cal.App.3d 523 [91 Cal.Rptr. 720]), at least at the time of the commencement of the action. (*La Sala* v. *American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 870-871 [97 Cal.Rptr. 849, 489 P.2d 1113].) The *La Sala* court said (at p. 872): "If, however, the court concludes that the named plaintiffs can no longer suitably represent the class, it should at least afford plaintiffs the opportunity to amend their complaint, to redefine the class, or to add new individual plaintiffs, or both, in order to establish a suitable representative."

■ As we read the amended complaint, plaintiffs seek to represent all purchasers of trucks equipped with the wheels in question, other than purchasers whose wheels have already been replaced at defendant's expense. As pleaded, the class so defined would include purchasers who have suffered personal or property damage as the result of accidents that have already occurred. However, the prayer is merely that defendant be required to replace the alleged defective wheels. Plaintiffs are members of the class, even thus broadly defined. It may be that, purchasers who have not only a claim for replacement but also other kinds of claims, by permitting themselves, after notice, to remain as participants in this action, would split their causes of action and bar themselves from litigating their other claims in suits brought for that purpose.[2] But that is of no concern to defendants, nor to the courts, at this juncture. An order for notice (required under the *Vasquez* procedure) can be so drawn as to warn those members of the class defined in the complaint of the risk they run by remaining as participants; if they knowingly assume that risk, no one else can complain.

## II

We think it clear that the gravamen of plaintiffs' case is the contention that *all* wheels of the type involved contain an inherent defect which may cause them to fail at some time, even if loaded within the limits of the representations discussed below and even if maintained and driven with

---

[2] We expressly do not determine whether that assumption is valid.

due care. It is patent from the record before us that that issue is one which will require an elaborate and probably a protracted trial. It is exactly the sort of common issue for which class actions are designed.

The fallacy of defendant's argument lies in its assumption that plaintiffs seek, in this action, to recover for all kinds of damage that might, heretofore or hereafter, flow from actual failure of the wheels. Admittedly, a suit seeking that broad kind of recovery would require, at the second stage contemplated by *Vasquez* and *Daar,* the determination of a variety of issues — assumption of risk, negligent maintenance and driving, overloading, among others. As the quotation from *Vasquez* above set forth points out, those are matters for the trial court to consider in delimiting the class and in framing its notice and further orders. If, on remand, the trial court feels that the pleadings before it would involve too many individual sub-trials, the proper action is to require plaintiffs to eliminate such claims from their requested relief and to see that potential members of the plaintiff class are advised of such limitations; dismissal of the action as a whole, on that ground is, on the record before us, neither necessary nor proper. If, however, as we read the record, plaintiffs are correct that *all* of the wheels are inherently suspect, the recovery expressly sought herein will not turn on the conduct of any individual purchaser.

The lower court relied on *Weaver* v. *Pasadena Tournament of Roses* (1948) 32 Cal.2d 833 [198 P.2d 514], to support its theory that there was no ascertainable class herein. However, in *Weaver* " 'these unknown parties [who held identification stubs but were refused tickets to the Rose Bowl game] are ascertainable only insofar as each may come forward and individually present proof of all of the facts necessary to authorize a recovery in accordance with the merits of his particular case, and judgment in one would by no means be judgment in any other.' " (*Daar* v. *Yellow Cab Co., supra,* 67 Cal.2d 695, 705, quoting from *Weaver* v. *Pasadena Tournament of Roses, supra,* at pp. 842-843.) The *Weaver* court said at page 838: "The question, as to each individual plaintiff, is whether *he* 'as a person over the age of twenty-one years' presented himself and demanded admittance to the game, whether *he* tendered the price of the ticket, and whether, as to *him,* the refusal of admission was wrongful under section 53 of the Civil Code, entitling him 'to recover . . . his *actual damages,* and one hundred dollars in addition thereto.' (Civ. Code, § 54; emphasis added.) Moreover, other independent factors of consideration arise in connection with the respective individual claims by reason of the provision that a 'person under the influence of liquor, or who is guilty of boisterous conduct, or [who is] of lewd or immoral character, may be excluded from any such [public] place of amusement.' (Civ. Code, § 53.)

Thus, a decision favorable or adverse to these plaintiffs—or any one of them—could not detemine the rights of any of the unnamed parties whom plaintiffs purport to represent."

## III

Defendant asserts that membership in the class is an individual question of fact for each member of the class. Defendant argues that the "only way in which such persons could be identified would be for each individually to come forward and separately establish that he owns a three-quarter ton truck with 15 inch wheels." As was said in *Daar* v. *Yellow Cab Co., supra,* at page 706: "Defendant apparently fails to distinguish between the necessity of establishing the existence of an ascertainable class and the necessity of identifying the individual members of such class as a prerequisite to a class suit. If the existence of an ascertainable class has been shown, there is no need to identify its individual members in order to bind all members by the judgment. The fact that the class members are unidentifiable at this point will not preclude a complete determination of the issues affecting the class."

## IV

■ Defendant argues that the record does not show that plaintiffs, as a class, could secure relief on a theory of breach of warranty.

An express warranty must ordinarily be created at the time the product is purchased (Com. Code, § 2313); but such a warranty can be created by advertisements (*Thomas* v. *Olin Mathieson Chem. Corp.* (1967) 255 Cal.App.2d 806, 811 [63 Cal.Rptr. 454]). In that connection, defendant contends that plaintiffs, in the proceedings below offered no evidence that there had been the kind of general, nation-wide advertising which other cases have relied on, nor proof that the class, as a whole, had either seen or relied on any advertisements by defendant. They contend, therefore, that there is not shown to be a "class" to whom warranties were made.

We take judicial notice of the fact that defendant has, for many years, conducted national advertising of its various products, stressing the excellence and reliability of those products. Neither the trial court nor this court can say, at this stage of the proceedings, that plaintiffs would not be able to produce evidence of advertisements containing broad claims amounting to a warranty that General Motors products, including the trucks equipped with the wheels herein involved, were free from inherent risk of failure. (See *Gherna* v. *Ford Motor Co.* (1966) 246 Cal.App.2d 639, 652 [55 Cal.Rptr. 94].)

Furthermore, the record does show that each truck had a plate attached to it which made reference to a user's manual, furnished to each purchaser. At oral argument, counsel for defendant admitted that such plate and manual did constitute a warranty that the wheels, if loaded within limits therein set forth, were safe and adequate for such loads. It is that warranty of adequacy and safety, within those load limits, which plaintiffs contend was and is false; as we read the record, plaintiffs contend that that representation was part of the original sale transaction and that it constituted a warranty upon which plaintiffs and the fellow members of their class were entitled to rely.

Upon the showing here made, the trial court was not entitled to conclude, without a trial, that no express warranty to the class as a whole could be proved.

## V

Under the provisions of section 1781 of the Civil Code, one matter to be determined at a hearing such as the one under review is whether "the action is without merit."[3] Defendant argues that such a finding was required here.

However, it is not obligatory that the proofs at the *Vasquez* hearing show that plaintiffs will necessarily prevail at trial. The record before us does show that an agency of the federal government had made findings which support plaintiffs' theory, that reputable experts have made written statements also supporting that theory, and that defendant has made statements from which inferences in support of the theory might be drawn. It is not material that those facts may not appear in the record in a form, or with the foundation, which would make such findings and statements as now presented, admissible in evidence at a trial. It is enough that it appears that evidence in support of plaintiffs' theory may be available when the case goes to trial.

## VI

The trial court based its dismissal of the class action, in part at least, on the theory that the federal action above referred to would, when carried to conclusion, determine the issue of inherent defect either favorably to plaintiffs or to the defendant. He concluded that principles of collateral estoppel would thus make a retrial of that issue unnecessary in the court below. From those premises he concluded that the maintenance of the present action was unnecessary.

[3]Civil Code section 1781, subdivision (c), paragraph (3).

However, the pendency of another action, whether in class action cases or otherwise, is not a ground for dismissal. The proper action, if a trial court feels that disposition of the other action may obviate the necessity for trial of the action before it, or may substantially shorten that trial, is to continue the action before it, not to dismiss it.

## VII

The memorandum opinion of the trial court, and the briefs discuss other matters. It is contended that several of the "causes of action" set forth in the complaint—actually a series of separate theories of liability—are not legally valid. We do not here consider those contentions. If the defendant is correct, the proper action is for the trial court, in its order, to indicate which theories it will not entertain and which theories it will entertain, so that the parties may limit their evidence appropriately. Outright dismissal is not the proper procedure.

## VIII

■ Defendant contends that the class which plaintiffs seek to represent is overbroad in that it purports to include purchasers who are not residents of California and who have had no significant contacts with this state—in other words, persons who would not, even under California's long-arm statute,[4] be subject to suit in a California court.

Admittedly that issue has never been determined by any California court. As we understand it, the argument runs as follows: judgment in a class action, if favorable, inures to the benefit of all members of the class, it also binds them if adverse; except as to persons subject to the long-arm statute, California has no jurisdiction to bind nonresidents.[5]

Assuming, without here deciding, the validity of that argument, it does not follow that the present action should be dismissed. As we have pointed out above, one of the functions of a *Vasquez* hearing is to frame an order which will define the class action within the limits prescribed by *Vasquez* and *Daar*. Not only issues as to jurisdiction, but other matters may affect the trial court's judgment on the breadth of an appropriate class: the possibility of divergent rules as to warranty and of divergent measures of damage (if such issues are otherwise permitted), for example, and the problems of giving adequate notice to potential members of a class resident in other states. No determination of such facts has been made in the order

[4]Code of Civil Procedure section 410.10.
[5]Consult (1971) 18 U.C.L.A. L.Rev. 1002, 1012.

before us, nor were the proofs below directed to such matters; it would be inappropriate for us, on this appeal, to pass on a hypothetical exercise of discretion not even contemplated by the trial court.

The order of dismissal is reversed; the case is remanded for further proceedings consistent with this opinion.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied August 16, 1973.