[No. AO15452. First Dist., Div. Two. Mar. 16, 1984.]

**CITIZENS AGAINST FORCED ANNEXATION et al.,
Plaintiffs and Appellants, v.
COUNTY OF SANTA CLARA et al., Defendants and Respondents.**

COUNSEL

Larry Sleizer, Susan E. Russell and Rost, Sleizer & Giamalis for Plaintiffs and Appellants.

Robert J. Logan, City Attorney, Robert R. Cimino, Sr., Deputy City Attorney, Ann Miller Ravel, Acting County Counsel, and Donald J. Fallon, Deputy County Counsel, for Defendants and Respondents.

OPINION

ROUSE, J.—

### Statement of the Case

Plaintiff, Citizens Against Forced Annexation (CAFA), is an unincorporated association composed of taxpayers, residents, landowners and/or registered voters in either the City of San Jose (San Jose) or territories within Santa Clara County. CAFA, and numerous individual plaintiffs, filed an action challenging the validity of more than 125 annexations (and proposed annexations) of territories to San Jose that were accomplished without elections, pursuant to section 35150, subdivision (f), of the Municipal Organization Act of 1977 (MORGA) (Gov. Code, § 35000 et seq.). Plaintiffs appeal from that part of a judgment in which the trial court dismissed certain individual plaintiffs and certain territories from the action.

### Procedural History

On December 1, 1980, CAFA and 44 individual plaintiffs filed a complaint against San Jose, the Santa Clara County Board of Supervisors (Board), the Santa Clara County Local Agency Formation Commission (Commission), and the individual members of the Board, the Commission, and the San Jose City Council. Plaintiffs brought their action under section 35005 of MORGA, which incorporates the procedures found in sections 860-870 of the Code of Civil Procedure and makes them applicable to actions challenging the validity of territorial annexations.[1] Sections 860 and 863 of the Code of Civil Procedure permit "any interested person" to bring a validation action, but such an action must be commenced within 60 days of the governmental action being challenged.[2]

On March 6, 1981, before answering the complaint, defendants filed a demurrer and motion to strike on grounds that plaintiffs were not "interested persons" under section 863 of the Code of Civil Procedure, and therefore lacked standing to challenge any of the territorial annexations;[3] that challenges to annexations that were completed more than 60 days before the

---

[1]Section 35005 of MORGA provides: "An action to determine the validity of any city incorporation, municipal reorganization, or any city change of organization completed pursuant to this part shall be brought pursuant to Chapter 9 (commencing with Section 860) of Title 10 of Part 2 of the Code of Civil Procedure."

[2]Sections 860 and 863 of the Code of Civil Procedure provide:
Section 860: "A public agency may upon the existence of any matter which under any other law is authorized to be determined pursuant to this chapter, and for 60 days thereafter, bring an action in the superior court of the county in which the principal office of the public agency is located to determine the validity of such matter. The action shall be in the nature of a proceeding in rem."
Section 863: "If no proceedings have been brought by the public agency pursuant to this chapter, any interested person may bring an action within the time and in the court specified by Section 860 to determine the validity of such matter. The public agency shall be a defendant and shall be served with the summons and complaint in the action in the manner provided by law for the service of a summons in a civil action. In any such action the summons shall be in the form prescribed in Section 861.1 except that in addition to being directed to 'all persons interested in the matter of [specifying the matter],' it shall also be directed to the public agency. If the interested person bringing such action fails to complete the publication and such other notice as may be prescribed by the court in accordance with Section 861 and to file proof thereof in the action within 60 days from the filing of his complaint, the action shall be forthwith dismissed on the motion of the public agency unless good cause for such failure is shown by the interested person."

[3]The allegations in the complaint upon which defendants challenged plaintiffs' standing were: "[2] Plaintiffs are an unincorporated association, whose members are interested persons and residents, and/or owners of land in Santa Clara County, California, and individual interested persons and residents and/or owners of land in Santa Clara County, California, which land was the subject of proceedings under the Municipal Organization Act, Government Code, Section 35000 et seq., to annex certain lands to the City of San Jose."
"[16] Plaintiff C.A.F.A. is an unincorporated association having its membership and meeting place in Santa Clara County, California, and an interested person in the proceedings. Its members are interested persons, residents of Santa Clara County, and/or residents or owners of land in the annexed territories. The individual plaintiffs are interested persons. The individual plaintiffs are residents of Santa Clara County, residents of San Jose, residents or owners of land in the annexed territories, or persons interested in the proceedings."

complaint was filed were barred by the statute of limitations contained in section 860 of the Code of Civil Procedure; and that challenges to annexations that were not completed when the complaint was filed were premature in that section 35005 of MORGA only permits challenges to "completed" governmental actions.

After a hearing on the demurrer and motion on March 23, 1981, the court sustained with leave to amend that part of the demurrer which had challenged the plaintiffs' standing. The court found that "no plaintiff has alleged sufficient ultimate facts to establish such plaintiffs' standing to bring the action with respect to any of the territories whose annexation was challenged . . . ." In addition, the court sustained without leave to amend that part of the demurrer concerning the challenges to annexations which were barred by the statute of limitations or premature. The territories whose annexations could not be challenged were then dismissed from the action.

On April 20, 1981, plaintiffs filed an amended complaint. It purported to add 88 new individual plaintiffs. The amended complaint alleged, generally, that the individual plaintiffs were "taxpayers, residents, owners of land or registered voters" within Santa Clara County, San Jose, and/or the territories whose annexations were being challenged.

The amended complaint listed over 120 individuals and alleged their land ownership, residency, or voter registration in particular annexed territories; that they "have been directly affected by defendants' decision to annex [certain lands] without allowing a protest or an election on said decision;" and that they have "an interest in having the Municipal Organization Act properly carried out."

The amended complaint also alleged that CAFA has its membership and meeting place in Santa Clara County; that it has over 100 members, who are taxpayers, residents, landowners and/or registered voters in the annexed territories or San Jose who have been directly affected by the annexations; and that all of the individual plaintiffs are members of CAFA.

On May 22, 1981, defendants filed a second demurrer and motion to strike.[4] After a hearing on June 12, 1981, the court sustained defendants' demurrer as follows:

(1) All 88 new plaintiffs were dismissed because: (a) their addition violated the court's prior order, which granted leave to amend only to the *original* plaintiffs; (b) their individual causes of action were barred by the

---

[4]Defendants also filed a motion to dismiss on grounds that the court lacked subject matter jurisdiction due to defects in the summons. However, this motion is not relevant to this appeal.

60-day statute of limitations; (c) the court lacked jurisdiction over their causes of action because of the statute of limitations bar; and (d) none of them has standing with respect to all the territories, and their standing with respect to particular territories was of no effect because their causes of action regarding those particular territories were barred by (a) through (c) above.

(2) Only 21 of the original plaintiffs had standing or causes of action, and their causes of action related only to those territories in which they alleged residence, land ownership, or voter registration. Plaintiffs alleged sufficient connection to 19 territories, and only the annexations of these could be challenged. The rest of the territories were dismissed from the action.

On July 14, 1981, defendants answered the amended complaint. On September 11, 1981, plaintiffs filed a timely notice of appeal.

*Issues*

I. *Dismissal of 10 Specified Territories*

Plaintiffs contend that the trial court erred when it dismissed 10 specified territories[5] from the action. They argue that CAFA has standing to challenge the annexations of the 10 specified territories because it alleged that its members are residents, taxpayers, registered voters, and/or landowners in San Jose, Santa Clara County, and/or the annexed territories. Defendants argue that CAFA has no standing because (1) regardless of its membership, CAFA itself is not beneficially interested in the annexations and is not a real party in interest, and (2) CAFA failed to allege facts sufficient to maintain a representative or class action on behalf of a class with standing.

■ For reasons set forth below, we conclude that CAFA has standing regarding the 10 specified territories.

As has been noted, section 863 of the Code of Civil Procedure and section 35005 of MORGA permit "any interested person" to bring an action challenging certain decisions made pursuant to MORGA. Since the enactment of MORGA, no court has determined who is an "interested person" under section 863 in the context of a challenge to the validity of territorial annexations. In addressing this issue, the trial court ruled that such an interested person was one who alleged land ownership, residency, or voter registration in a particular annexed territory. Apparently the trial court followed a line

---

[5]These 10 territories are: Kooser 19, Arroyo 16, McKinley 90, Canoas 23, Hamilton 50, Hamilton 52, Franklin 38, Meridian 71, Monterey Park 93, Bucknall 13.

of pre-MORGA cases in which annexations were challenged via extraordinary writs, and standing to seek such relief required the showing of a close connection between the annexed territory and the petitioner seeking relief. (See, e.g., *Amer. Distl. Co.* v. *City Council, Sausalito* (1950) 34 Cal.2d 660 [213 P.2d 704, 18 A.L.R.2d 1247]; *Fuller* v. *San Bernardino Valley Mun. Wat. Dist.* (1966) 242 Cal.App.2d 52 [51 Cal.Rptr. 120]; *Guerrieri* v. *City of Fontana* (1965) 232 Cal.App.2d 417 [42 Cal.Rptr. 781]; *Wine* v. *Council of City of Los Angeles* (1960) 177 Cal.App.2d 157 [2 Cal.Rptr. 94]; *Johnson* v. *City of San Pablo* (1955) 132 Cal.App.2d 447 [283 P.2d 57]; *Jefferson Union Sch. Dist.* v. *City Council* (1954) 129 Cal.App.2d 264 [277 P.2d 104]; and *Potter* v. *City Council* (1951) 102 Cal.App.2d 141 [227 P.2d 25].)[6] Some of these cases held that taxpayers in an annexing city lacked standing because they were not beneficially interested in the territorial annexations solely because of their status as such taxpayers. (*Fuller* v. *San Bernardino Valley Mun. Wat. Dist., supra,* 242 Cal.App.2d 52, 57; *Wine* v. *Council of City of Los Angeles, supra,* 177 Cal.App.2d 157, 164-168; *Potter* v. *City Council, supra,* 102 Cal.App.2d 141, 146.) However, a beneficial interest in an annexation was shown by property owners in an annexed territory (*Amer. Distl. Co.* v. *City Council, Sausalito, supra,* 34 Cal.2d 667; *Guerrieri* v. *City of Fontana, supra,* 232 Cal.App.2d 417, 419); a city which was competing to annex the same territory (*Johnson* v. *City of San Pablo, supra,* 132 Cal.App.2d 447, 458; and a school district, part of whose territory would have been excluded from the district if annexed (*Jefferson Union Sch. Dist.* v. *City Council, supra,* 129 Cal.App.2d 264, 267).

■ In this instance, we agree with the trial court that plaintiffs who allege an interested relationship to particular annexed territories through land ownership, residency, or voter registration have standing under section 863 of the Code of Civil Procedure to challenge the annexations of those particular territories. Thus, in applying its ruling to the amended complaint, the trial court held that the action could be maintained only "to the extent that . . . 21 'original plaintiffs,' . . . have standing or a cause of action respecting . . . 19 'original territories' mentioned in the complaint, respecting which such original plaintiffs respectively allege[d] land ownership, residence or voter registration . . . ."

Pertinent to the issue of CAFA's standing is the fact that, although the court dismissed numerous plaintiffs, it did not dismiss CAFA, therefore, CAFA, an original plaintiff, remains in the action. ■ By leaving CAFA

---

[6]In these cases, plaintiffs' standing depended on their ability to show that they were "beneficially interested" in the territorial annexations. Such a showing is required of a petitioner seeking writ of review (Code Civ. Proc., § 1069) or a writ of mandate (Code Civ. Proc., § 1086). (See *Johnson* v. *City of San Pablo, supra,* 132 Cal.App.2d 447, 458.)

in the action, the trial court made an implicit finding, with which we agree, that CAFA also had standing to challenge the annexations of 19 designated territories based on the allegations that the 21 specifically named original plaintiffs, who had an interested relationship with the 19 territories, were members of CAFA. We think that the court's implicit finding is appropriate under the circumstances of this case, given the broad language of section 863 of the Code of Civil Procedure, the nature of CAFA, the specifically alleged interests of certain of its members, and the nature of a validation action.

Defendants point out that section 367 of the Code of Civil Procedure requires that an action be brought by the "real party in interest" and that this requirement is consistent with both the "any interested person" language in section 863 of the Code of Civil Procedure and with the pre-MORGA case law, noted above, in which plaintiffs were required to show a beneficial interest in annexations. (See fn. 6, *ante.*) Defendant argues that only *individuals* with interested relationships to particular annexed territories can be real parties in interest in actions challenging those territorial annexations. CAFA itself cannot show that it owns or resides in an annexed territory and thus it cannot be a real party in interest. In support of this argument, defendants cite *Friendly Village Community Assn.* v. *Silva & Hill Constr. Co.* (1973) 31 Cal.App.3d 220 [107 Cal.Rptr. 123, 69 A.L.R.3d 1142].

*Friendly Village* is factually distinguishable from this case. There, an association sought to assert the right to compensation for damages to real property. However, the association had no legal right to seek compensation because it neither owned nor possessed the real property.[7] Here, CAFA is not suing for damages, but rather is asserting a public right, namely, the right to have public agencies comply with the annexation provisions of MORGA and, more specifically, the right to see that those provisions are constitutional and were properly followed with respect to particular annexations. While it may be appropriate to limit the right to compensation for damages to real property to the owners and possessors of such property, we believe that a similar limitation is not properly applicable to the right to seek government compliance with the provisions of MORGA. Such a right may not be asserted by any organization based merely on *general* allegations that its members are interested individuals. However, in this instance, given

---

[7]We note that in 1976 the Legislature adopted section 374 of the Code of Civil Procedure as an exception to the real party in interest rule in section 367 of the Code of Civil Procedure. Under section 374, a condominium owners' association, inter alia, has independent standing to maintain an action for damages to common areas in condominium complexes. (See *Salton City etc. Owners Assn.* v. *M. Penn Phillips Co.* (1977) 75 Cal.App.3d 184, 187-188, fn. 1 [141 Cal.Rptr. 895].)

the very specific allegations in the amended complaint, we conclude that CAFA has standing to assert this right.

The fact that CAFA is an unincorporated association does not automatically preclude it from being an "interested person" under section 863, Code of Civil Procedure. An unincorporated association has the capacity to sue and be sued. (Code Civ. Proc., § 388; *Redondo Beach Police Officers Assn.* v. *City of Redondo Beach* (1977) 68 Cal.App.3d 595, 599 [137 Cal.Rptr. 384].) In *Sweetwater Valley Civic Assn.* v. *City of National City* (1976) 18 Cal.3d 270, 276-277 [133 Cal.Rptr. 859, 555 P.2d 1099], the California Supreme Court noted that an action to review a redevelopment project brought under section 33501 of the Health and Safety Code, which incorporated, inter alia, section 863 of the Code of Civil Procedure, could be brought by "any interested person." Although its standing was not an issue in the case, the plaintiff in the action was an association of taxpayers, residents, and property owners of the city. Likewise, in *Regus* v. *City of Baldwin Park* (1977) 70 Cal.App.3d 968 [139 Cal.Rptr. 196], where the standing of an incorporated association of city residents was in issue, the court found that the association had standing, inter alia, under section 863 of the Code of Civil Procedure, to challenge a redevelopment plan pursuant to section 33501 of the Health and Safety Code. We note, also, that CAFA has already been the plaintiff in an action challenging the constitutionality of certain provisions of MORGA. (See *Citizens Against Forced Annexation* v. *Local Agency Formation Com.* (1982) 32 Cal.3d 816 [187 Cal.Rptr. 423, 654 P.2d 193].)

CAFA is composed of people who, in general, oppose annexations. Apparently, its sole purpose for existence is to watch for and follow annexation proceedings and to test the validity of annexations when they occur. It has a broad interest in all annexations; also, it shares the specific interests of those particular members, individually named in the amended complaint, who have a relationship to particular annexed territories and who have standing to challenge their annexations. Moreover, CAFA is an appropriate organization to assert and protect those interests. This is especially so here, where its members' individual rights regarding particular annexations can be lost unless asserted within 60 days. (Code Civ. Proc., § 860.) Thus, the nature of the CAFA association supports a finding that CAFA itself is an "interested person."

The nature of the validation action justifies a finding that CAFA is an interested person under section 863 of the Code of Civil Procedure. Section 860, Code of Civil Procedure, states that a validation action is in the "nature of a proceeding in rem." ■ Generally, in rem proceedings directly involve the right to ownership or title to property, e.g., actions to establish

title to real property (*Robinson* v. *Kerrigan* (1907) 151 Cal. 40, 46 [90 P. 129]; probate proceedings (*Abels* v. *Frey* (1932) 126 Cal.App. 48, 53 [14 P.2d 594]; forfeiture proceedings (see *Moore* v. *Purse Seine Net.* (1941) 18 Cal.2d 835, 839 [118 P.2d 1]; *Niccoli* v. *McClelland* (1937) 21 Cal.App.2d Supp. 759, 763 [65 P.2d 853]; escheat proceedings (see *Standard Oil Co.* v. *New Jersey* (1951) 341 U.S. 428 [95 L.Ed. 1078, 71 S.Ct. 822]); and bankruptcy proceedings (*Wells* v. *California Tomato Juice, Inc.* (1941) 47 Cal.App.2d 634, 636 [118 P.2d 916].) Usually, only those with a direct interest in ownership or title are properly involved in such actions. Annexations are the assertion of a governmental power over property pursuant to a statutorily created public right to do so. No matter what his relationship to the property, one has no absolute right, based on that relationship, to prevent such annexation. Thus, the right that one is asserting by challenging the validity of an annexation is only the right to see that the government wielded its annexations power properly. In part, such a right derives from an interest of some sort in a particular territory that is being annexed. Also, it derives, in part, from an interest in the annexation procedures themselves as applied to that particular territory. In this instance, CAFA has an indirect interest in the annexed territories through its members' direct interest in them. CAFA also has a direct organizational interest in the annexation procedures, and as a result, in the validity of particular annexations. Thus, we find that CAFA's composite interest makes it an "interested person" under section 863 of the Code of Civil Procedure.

Finally, we would be departing from a perceptible trend towards permitting associations to challenge governmental actions if, in this case, we found that *only* individuals with standing and not their association could challenge the validity of territorial annexation.[8] In other contexts involving the rights of specific individuals to see that government agencies comply with the law, courts have liberally entertained suits brought by organizations composed of individuals with standing. (Cf., e.g., *Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247 [104 Cal.Rptr. 761, 502 P.2d 1049] [right to have environmental laws properly applied with respect to a specific geographic area]; *California Welfare Rights Organization* v. *Carleson* (1971) 4 Cal.3d 445 [93 Cal.Rptr. 758, 482 P.2d 670]; *County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730 [97 Cal.Rptr. 385, 488 P.2d 953] [right to challenge validity of welfare eligibility regulations].)

Defendants also contend that, since CAFA is not an "interested person" itself, its only way to maintain this action was as a representative of a class.

---

[8]For an early discussion of this trend as it relates to the issue of standing, see *Residents of Beverly Glen, Inc.* v. *City of Los Angeles* (1973) 34 Cal.App.3d 117, 121-127 [109 Cal.Rptr. 724].

They argue that CAFA failed to allege facts that would enable it to maintain such an action under section 382 of the Code of Civil Procedure.[9] They note that to maintain this action as a representative of a class, CAFA was required to allege facts showing an ascertainable class and well-defined community of interest in the questions of law and fact which involve parties with standing to sue. (*Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 704 [63 Cal.Rptr. 724, 433 P.2d 732].) They cite *Greater Westchester Homeowners Assn., Inc.* v. *City of Los Angeles* (1970) 13 Cal.App.3d 523 [91 Cal.Rptr. 720], in support of this argument.

Again, *Greater Westchester* is factually distinguishable. CAFA did not file this suit as a class action, therefore it made no attempt to satisfy the requirements of section 382 of the Code of Civil Procedure. Even if it had filed a class action, the allegations in the amended complaint go far beyond those found in *Greater Westchester.* Here, the amended complaint alleged, with great particularity, the names of its members on whose behalf the action would have been brought. The allegations established the interest of these members in the particular territories whose annexations were being challenged. The allegations established that these members had standing with respect to such annexations and suffered a common and direct negative effect due to the annexations. In addition, the complaint sought relief generally applicable to this group of members. The action sought to void all of the annexations on grounds that they constituted one or many municipal reorganizations and that the governmental agencies failed to follow the procedures in MORGA governing municipal reorganizations. The action also sought to test the constitutionality of certain annexation procedures in MORGA. Finally, the action sought to challenge the application of those annexation procedures to particular territories.

Such allegations provide a much stronger basis than was present in *Greater Westchester Homeowners Assn., Inc.* v. *City of Los Angeles, supra,* 13 Cal.App.3d 523. However, it is unnecessary for us to decide whether CAFA has properly pleaded a class action since, as discussed above, we find that, under the circumstances, CAFA is an interested person under section 863 of the Code of Civil Procedure with standing to challenge particular annexations pursuant to section 35005 of MORGA.

In light of our discussion, CAFA's standing to challenge the annexations of the 10 specified territories with which this appeal is concerned is appar-

---

[9]Section 382 of the Code of Civil Procedure provides: "If the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

ent. These territorial annexations were challenged in the original complaint. The amended complaint alleged the names of 22 members of CAFA, each of whom showed an interested relationship to one of these 10 territories. Although the court dismissed these 22 "new plaintiffs," the allegations naming them and showing both their relationship to the annexed territories and their membership in CAFA established CAFA as an interested person with standing to challenge these 10 annexations also.[10] Thus, we find that the trial court's order dismissing the 10 specified territories was erroneous since it was based on the fact that *none* of the original plaintiffs had standing to challenge their annexations. CAFA, an original plaintiff, has such standing.

Finally, as noted above, a validation action is "in the nature of a proceeding in rem." (Code Civ. Proc., § 860.) Given our finding concerning CAFA's standing and the fact that the "res," i.e., the 10 specified territories and their annexations, are now subject to challenge in the court below, we find it unnecessary to decide whether certain of the dismissed plaintiffs should be allowed back into the action for the same purpose.

The judgment dismissing the 10 territories which are the subject of this appeal is reversed.

Kline, P. J., and Smith, J., concurred.

---

[10]The fact that these 22 new plaintiffs are no longer in the action does not affect CAFA's standing, which is not based on their being actual parties to the action.